United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-41468
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JULIO SANTOS-PADILLA, also known as Jaime Santiago
Guzman-Lopez,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-371-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Julio Santos-Padilla ("Santos"), also known as Jaime

Santiago Guzman-Lopez, appeals the sentence imposed following his

guilty plea to illegal reentry.  8 U.S.C. § 1326(a), (b).  He

argues for the first time on appeal that he is entitled to

resentencing because he was sentenced under the mandatory

Sentencing Guidelines regime held unconstitutional in United

States v. Booker, 125 S. Ct. 738 (2005).  We review this argument

for plain error only.  See United States v. Martinez-Lugo, 411

———————————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 597, 600 (5th Cir. 2005), <u>cert. denied</u>, ___ S. Ct. ___ (Oct. 11, 2005) (No. 05-6242).

Our review of the record does not reveal that the district court's error affected the outcome of the sentencing proceedings. <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732-33 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 267 (2005). Because Santos has failed to establish that the error affected his substantial rights, he cannot meet the plain error standard of review. <u>See</u> <u>id.</u> Given that Santos is not entitled to resentencing, we pretermit discussion of the validity of his appeal waiver.

AFFIRMED.